UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ASATA LOWE, | ) | |
| | ) | Case No. 3:17-cv-449-HSM-HBG |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| SHAWN PHILLIPS, BRIAN WHITMAN, | ) | |
| LOWELL H. RIDINGS, ERNEST | ) | |
| KEMPER, III, ALCOA POLICE | ) | |
| DEPARTMENT, EDWARD P. BAILEY, | ) | |
| KIRK E. ANDREWS, F.D. GIBSON, | ) | |
| BLOUNT COUNTY DISTRICT | ) | |
| ATTORNEY OFFICE, BLOUNT | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| and TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM

Before the Court is a complaint pursuant to 42 U.S.C. § 1983 filed by Asata Lowe ("Plaintiff") on October 16, 2017 [Doc. 2]. In addition to the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 1], a motion in equity [Doc. 3], a request to issue summons and demand jury trial [Doc. 6], and a motion for seizure of person and/or property to secure satisfaction of the potential judgment [Doc. 7]. Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED** for failing to state a claim upon which relief may be granted. Accordingly, the remaining non-dispositive motions will be **DENIED AS MOOT**.

I.   **FILING FEE**

According to the financial data supplied in Plaintiff's inmate trust account statement, Plaintiff has $0.34 to his credit at the Morgan County Correctional Complex [Doc. 1 p. 9]. Thus, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Nonetheless, because Plaintiff is an inmate, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §§ 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore*, 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING REQUIREMENT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brian v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v.*

*City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

## III. ANALYSIS

Plaintiff was convicted and sentenced to one count of especially aggravated robbery and two counts of first-degree murder. Plaintiff's allegations set forth in his complaint appear to challenge the validity of his incarceration, not atypical conditions that would give rise to a cognizable § 1983 claim. Plaintiff's complaint challenges the validity of Tennessee Code Annotated § 39-13-202 and Tennessee Code Annotated § 39-13-403—the Tennessee criminal statutes under which he was convicted—as well as Tenn. Code Ann. § 40-35-101—the Tennessee penal statute under which he was sentenced [Doc. 2 p. 3]. He further asserts that all chapters and all parts of Titles 4, 6, 8, 23, and 41 of the Tennessee Code Annotated, along with the Tennessee Rules of Court, deprive him of his rights secured by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution [*Id.*]. Specifically Plaintiff argues that (1) "[t]rial counsel failed to provide notice of waiver of rights"; (2) "[e]vidence was improperly admitted"; and (3) "[d]enial of counsel" [Doc. 2 p. 3-6].

It is well established that prisoners "in state custody cannot use . . . § 1983 action[s] to challenge 'the fact or duration of [their] confinement,'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)), because "[c]hallenges to the validity of [one's] confinement or to particulars affecting its duration are the province of habeas

4

corpus," *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). The foregoing rule is not limited to circumstances in which a prisoner expressly demands that he or she be released from confinement, but instead extends to all requests for damages or injunctive relief where a favorable ruling would "necessarily imply the invalidity of [the prisoner's] conviction or sentence." *LaFountain v. Coleman*, No. 10-1207, 2010 U.S. App. LEXIS 27709, at *2–3 (6th Cir. Dec. 30 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). To state a claim under the latter scenario—based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid"—the plaintiff "must prove that the [relevant] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Requested relief "bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 487.

In the current case, Plaintiff argues that his trial counsel "failed to provide notice of [Plaintiff's] wavier of rights" [Doc. 2 p. 3]. Specifically, Plaintiff argues that trial counsel failed to object to the following during trial:

1. Counsel failed to object to Plaintiff's claims regarding the "privilege of seeking to vindicate federal claims with respect to illegally obtained evidence in state court," without providing notice, hearing, or determination that a hearing was not feasible on the fact of waiver;

2. Counsel failed to object to Plaintiff's claims regarding the "right to object at trial for tactical or other reasons," without providing notice, hearing, or determination that such hearing was not feasible.

3. Counsel failed to object to Plaintiff's claims that he was denied the "right to counsel at the critical stage of the initial appearance hearing before the magistrate" without providing notice, hearing, or determination that a hearing was not feasible.

5

4. Counsel failed to object to the exclusion of the evidence and made a choice to waive Plaintiff's right to vindicate federal claims without providing notice, a hearing on the facts, and/or a determination that such hearing was not feasible, when trial and counsel failed to provide consultation or communication to the Plaintiff so he could assert his opportunity to raise the federal claim and preserve it for federal review.

5. Counsel failed to object to the denial of counsel at the critical stage of the initial appearance hearing and made a chose to waive Plaintiff's right to vindicate this federal claim without providing notice, a hearing on the facts, and/or a determination that such hearing was not feasible, when trial and counsel failed to provide consultation or communication to the Plaintiff so he could assert his opportunity to raise the federal claim and preserve it for federal review.

6. Counsel did not notify the Plaintiff that he intended to waive Plaintiff's right to present such claims in the federal court, provide a hearing to determine if the Plaintiff chooses, in fact, whether or not to waive such claims, and failed to obtain a determination whether there has been a competent and intelligent waiver of such claims, by inquiring into the background, experience, and conduct of the Plaintiff.

[Doc. 2 p. 4].

Plaintiff further argues, "[e]vidence was improperly admitted as fruit of an unlawful search and seizure" [*Id.*]. He states that "[t]he State failed to provide notice as to the offense charged or of the reason why the Plaintiff was being arrested" and failed to provide him with the presumption of innocence [*Id.* at 5]. Plaintiff maintains actual innocence [*Id.*]. Plaintiff asserts that the reason for his arrest was to "frame him for the crime, collect evidence to be used at trial and to initiate the prosecution, and to coerce the co-defendant into making false statements against [him]" [*Id.*].

Moreover, Plaintiff claims he was incarcerated for three days without a formal charge and that his initial appearance hearing was conducted "in secret" without him, or any counsel representing him, present [*Id.* at 6]. Plaintiff claims "[d]uring this secret hearing the defendants

used all the evidence it [ ] obtained . . . to obtain a warrant to initiate the prosecution against the Plaintiff" [*Id.*].

In this case, all of the claims asserted in Plaintiff's complaint appear to be related to his arrest, prosecution, criminal trial, and sentencing for a state conviction for especially aggravated robbery and first-degree murder. If Plaintiff prevailed on the merits of any of these claims, his success would necessarily implicate the invalidity of his conviction(s). Plaintiff has not set forth any allegations or evidence that would show that any of his convictions have been vacated or otherwise set aside. Accordingly, the Court must *sua sponte* dismiss the action for failure to state a cognizable § 1983 claim. *See Heck*, 512 U.S. at 487 ("When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless . . . the conviction or sentence has already been invalidated."); *see also Edward v. Balisok*, 520 U.S. 641, 646–48 (1997) (extending *Heck* rule to claims for declaratory and injunctive relief where a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction").[1]

## IV. REMAINING NON-DISPOSITIVE MOTIONS

In addition to his complaint, Plaintiff has filed a motion in equity [Doc. 3], a request to issue summons and demand jury trial [Doc. 6], and a motion for seizure of person and/or

---

[1] The Court additionally notes that any of Plaintiff's claims, if brought against the judge or prosecutors that participated in his trial, would be barred by the doctrine of absolute immunity. *See, e.g.*, *Rehberg v. Paulk*, 132 S.Ct. 1497, 1503 (2012) ("[W]e have identified the following functions that are absolutely immune from liability for damages under § 1983: actions taken by legislators within the legitimate scope of legislative authority; actions taken by judges within the legitimate scope of judicial authority; actions taken by prosecutors in their role as advocates; and the giving of testimony by witnesses at trial[.]") (internal citations omitted).

property to secure satisfaction of the potential judgment [Doc. 7]. Based on the above analysis and conclusion, all three of these pending motions are **DENIED AS MOOT**.

V.     **CONCLUSION**

Based on the above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350) and shall follow the procedures as outlined in this memorandum. Furthermore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and, therefore, his complaint will be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, Plaintiff's motion in equity [Doc. 3], request to issue summons and demand jury trial [Doc. 6], and motion for seizure of person and/or property [Doc. 7] are **DENIED AS MOOT**.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons expressed herein an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**